**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAGOBERTO NUNEZ-FLORES, AKA Dagoberto Ruben Nunez-Flores, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-72889 <br><br> Agency No. A095-140-396 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 17, 2015[**]

Before:    O'SCANNLAIN, LEAVY, and FERNANDEZ, Circuit Judges.

Dagoberto Nunez-Flores, a native and citizen of El Salvador, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008), and we deny the petition for review.

The record does not compel the conclusion that Nunez-Flores filed his asylum application within a reasonable period of time after his lawful status expired. *See Husyev v. Mukasey*, 528 F.3d 1172, 1181-82 (9th Cir. 2008). Thus, Nunez-Flores's asylum claim fails.

Substantial evidence supports the BIA's determination that Nunez-Flores failed to establish past persecution or a fear of future persecution on account of a protected ground. *See Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *see also Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th Cir. 2001) ("[P]urely personal retribution is, of course, not persecution on account of a protected ground.") (citation omitted). Thus, Nunez-Flores's withholding of removal claim fails. *See Molina-Morales*, 237 F.3d at 1052.

Finally, substantial evidence also supports the BIA's denial of Nunez-Flores's CAT claim because he has not shown it is more likely than not he will be tortured by the government of El Salvador or with its consent or acquiescence. *See Silaya*, 524 F.3d at 1073. Thus, Nunez-Flores's CAT claim fails.

**PETITION FOR REVIEW DENIED.**